IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER | : | |
| 4247 Locust Street # 119 | : | |
| Philadelphia, PA 19104 | : | |
| (267) 298-1257 | : | CIVIL ACTION |
| SnodgrassPublish@aol.com | : | |
| | : | |
| Plaintiff, | : | No. 15-3337 |
| | : | |
| v. | : | |
| | : | |
| KELLY SERVICES, INC. | : | |
| 1760 Market Street, #902 | : | |
| Philadelpia, PA 19103, and | : | |
| | : | |
| INDEPENDENC BLUE CROSS, | : | |
| 1900 Market Street, | : | |
| Philadelphia, PA 19103 | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS IN LIEU OF ANSWER TO COMPLAINT

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

Dated: July 1, 2015

BY:   s/Maria G. Perri
      Michael S. Takacs, Esquire
      Maria G. Perri, Esquire
      Two Commerce Square
      2001 Market Street, Suite 3100
      Philadelphia, Pennsylvania 19103
      michael.takacs@wilsonelser.com
      maria.perri@wilsonelser.com
      Tel: 215-627-6900
      Fax: 215-627-2665
      *Attorneys for Defendant, Kelly Services, Inc.*

## **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ................................................................................. iii

I.      FACTUAL BACKGROUND ..................................................................1

II.    LEGAL ARGUMENT ..............................................................................4

     A.    Plaintiff's Complaint Fails to State a Claim ..........................................4

III.    RELIEF REQUESTED ............................................................................6

## INDEX OF AUTHORITIES

**Cases:**

*Ascroft v Iqbal,*
    129 S Ct 1937 (2009)..................................................................................4,5,6

*Bell Atlantic Corp v Twombly,*
    550 US 544 (2007)...........................................................................................4

*Emrit v Independent Music Award, IMA,*
    2015 wl 3482797 (3d Cir.2015)......................................................................4

*Fowler v UPMC Shadyside.,*
    578 F3d 203 (3d Cir.2009)..............................................................................4

*Smith v State Farm Mut Auto Ins,*
    506 Fed Appx 133 (3d Cir.2012).....................................................................4

*Wishkin v Potter,*
    476 F3d 180 (3d Cir.2007)..............................................................................5

**Statutes:**

29 U.S.C. § 701...........................................................................................................5

**Rules:**

Fed.R.Civ.P. (8) ..........................................................................................................4

Fed.R.Civ.P. 12(b)(6)...............................................................................................4, 6

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER | : | |
| 4247 Locust Street # 119 | : | |
| Philadelphia, PA 19104 | : | |
| (267) 298-1257 | : | CIVIL ACTION |
| SnodgrassPublish@aol.com | : | |
| | : | |
| Plaintiff, | : | No. 15-3337 |
| | : | |
| v. | : | |
| | : | |
| KELLY SERVICES, INC. | : | |
| 1760 Market Street, #902 | : | |
| Philadelpia, PA 19103, and | : | |
| | : | |
| INDEPENDENC BLUE CROSS, | : | |
| 1900 Market Street, | : | |
| Philadelphia, PA 19103 | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS IN LIEU OF ANSWER TO COMPLAINT

COMES NOW Defendant KELLY SERVICES, INC., by and through its attorneys WILSON ELSER MOSKOWITZ EDELMAN & DECKER, LLP, and, hereby submits its Brief in Support of its Motion to Dismiss.

## FACTUAL BACKGROUND

Plaintiff is a former employee of Defendant Kelly Services, Inc. (hereinafter "Kelly"). Kelly is a global staffing company that provides workforce solutions to its customers. As a staffing company, Kelly provides jobs to employees and assists customers with their recruiting efforts.

iv

Plaintiff was hired by Kelly in 1987. (Exhibit A, Plaintiff's Charge of Discrimination). Plaintiff's assignment with Kelly's customer, Independence Blue Cross, was allegedly terminated in 1994. (Exhibit A).

Subsequent to the termination of Plaintiff's assignment in the mid 1990's, Plaintiff began making numerous telephone calls to Kelly wherein he threatened Kelly and verbally abused Kelly employees. (Exhibit B, KSN dated March 3, 2011). Plaintiff's telephone calls were so frequent that Kelly was forced to file numerous police reports with the Philadelphia Police Department regarding Plaintiff. (Exhibit B; Exhibit C, KSN dated January 29, 2015). As a result, Plaintiff has been labeled as a security threat to Kelly since 1994. (Exhibit B). As Exhibit B indicates, "**UNDER NO CIRCUMSTANCES SHOULD KE (Plaintiff) BE HIRED OR ALLOWED INTO A BRANCH**. If ke (Plaintiff) calls for any reason, refer him to corporate & notify security immediately." (Exhibit B, emphasis in original).

Plaintiff's inappropriate behavior has continued in 2015. (Exhibit C). During a telephone call in January 2015, a Kelly employee was forced to hang up on Plaintiff because Plaintiff became irate when the Kelly employee explained that she could not speak with him any longer and provided Plaintiff with a corporate number to call. (Exhibit C). As recent as June 2015, Plaintiff threatened a Kelly employee with litigation if Kelly did not hire him. (Exhibit D, KSN dated June 16, 2015.)

On May 14, 2015, Plaintiff filed a Charge of Discrimination with the EEOC. (Exhibit A). Plaintiff's Charge is largely unintelligible and simply claims that he has been discriminated against based on an unidentified disability and age. (Exhibit A). Plaintiff's Charge also includes a handwritten portion which alleges that Kelly "has a policy of preferentially hiring young, attractive women over all other classes of employees." (Exhibit A). Plaintiff supports his

allegation with a reference to a "tweet" of Kelly. (Exhibit A). Plaintiff does not provide the content of the "tweet." The EEOC dismissed Plaintiff's Charge without requiring a response from Kelly. (Exhibit E, Dismissal).

Plaintiff then filed the instant action on June 15, 2015. Plaintiff's Complaint is the most recent example of a frivolous action filed by Plaintiff in this Court. Indeed, this Court is well familiar with Plaintiff due to Plaintiff's long history of filing litigation void of any merit. The following is the litigation history of Plaintiff:

1.   *Parker v. John Does* #1 and #2-100, Case No. 2:02-cv-07215-JK

2.   *Parker v. University of Pennsylvania*, Case No. 2:02-cv-00567-AB

3.   *Parker v. Learn the Skills Corp, et al.*, Case No. 2:03-cv-06936-JK

4.   *Parker v. Google, Inc. and John Does #1-50,000*, Case No. 2:04-cv-03918-RBS

5.   *Parker v. Learn The Skills Corp., et al.* Case No. 2:05-cv-02752-HB

6.   *Parker v. Comcast and John Doe*, Case No. 2:05-mc-00157-HB

7.   *Parker v. Trustees of the University of Pennsylvania*, Case No. 2:05-cv-04874-PBT

8.   *Parker v. Yahoo, Inc. and Microsoft Corporation*, Case No. 2:07-cv-02757-MAM

9.   *Parker v. Samuel Sloan, et al.* Case No. 2:08-cv-00829-JCJ

10.  *Parker v. Viacom Int'l, Inc., et al.* Case No. 2:08-cv-03630-ER

11.  *Parker v. Jacqueline Goldhagen,* Case No. 2:15-cv-03304-TON

Again, each of these lawsuits was filed by Plaintiff in this Court. With the exception of the instant case and *Parker v Jaqueline Goldhagaen* (pending), each of Plaintiff's frivolous "lawsuits" has been dismissed. Kelly has been forced to file the instant Motion because

3

Plaintiff's Complaint is similarly frivolous and is obviously filed for the sole purpose to harass Kelly.

## ARGUMENT

A.    Plaintiff's Complaint Fails to State a Claim

      Pursuant to Fed. R. Civ. P. 8(a)(2) a complaint shall contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The United States Supreme Court set forth a two prong test which a plaintiff must satisfy in order to survive a motion to dismiss in *Bell Atlantic Corp. v Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007) and *Ashcroft v Iqbal,* 129 S.Ct. 1937 (2009). First, a complaint must include well-pleaded factual allegations and second, the allegations must plausibly give rise to an entitlement for relief. *Ashcroft*, 129 S.Ct. at 1950. The factual allegations must contain "enough facts to state a claim to relief that is plausible on its face" to be sufficient. *Bell Atlantic Corp*, 550 U.S. at 570. Further, the standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 129 S.Ct. at 1949. *See also, Emrit v Independent Music Award, IMA,* No. 14-4799; –Fed Appx —; 2015 WL 3482797 (3d Cir.2015). ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")(citations and quotations omitted).

      If a Plaintiff fails to satisfy either part of the test, a Defendant is entitled to a dismissal of the complaint under Fed. R. Civ. P. 12(b)(6).   *Fowler v UPMC Shadyside*, 578 F3d 203, 210-211 (3d Cir. 2009). Pursuant to Rule 12(b)(6), a Defendant may "move to dismiss for failure of the pleading to state a claim upon which relief can be granted.". The only issue when determining if an action should be dismissed is whether the complaint is legally sufficient. *Smith v State Farm Mut Auto Ins Co,* 506 Fed Appx 133, 137 (3d Cir.2012).

Plaintiff has failed to meet the first prong of the test from *Bell* because he fails to assert "well-pleaded" factual allegations. *Ashcroft*, 127 S.Ct. at 1949. Plaintiff does not provide any facts which support his "Complaint for Violations of the Rehabilitation Act of 1973." Plaintiff does not provide any specific allegations in regard to his employment with Kelly. Similarly, Plaintiff does not provide any allegations and/or reference to an attempt to be re-hired by Kelly. Instead, Plaintiff simply alleges that the named Defendants "don't care" about his "ticket to work." Plaintiff's Complaint fails to provide any factual allegations in support of these allegations and simply alleges that Defendants are required "to care." However, such a bald assertion does not establish the requisite showing that a plaintiff must assert allegations that "plausibly give rise to an entitlement of relief." *Ashcroft, supra*.

Plaintiff's Complaint likewise fails to allege facts which provide the basis for a prima facie case under the Rehabilitation Act of 1973, 29 USC § 701 *et seq* ("Rehabilitation Act"). This is unsurprising considering the Rehabilitation Act only applies to claims of discrimination against **federal agencies**. *Wishkin v Potter*, 476 F3d 180, 184-85 (3d Cir.2007)(quotations and citations omitted). Plaintiff has not and cannot show that Kelly is a federal agency. Even if Plaintiff could show that the Rehabilitation Act provides a cause of action against a corporate entity such as Kelly (which he cannot), Plaintiff's Complaint should still be dismissed. In order to set forth a prima facie case under the Rehabilitation Act, a plaintiff must show 1) that he has a disability, 2) that he is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and 3) that he was nonetheless terminated or otherwise prevented from performing the job. *Id.* Plaintiff's Complaint fails to establish a single element referenced above. Plaintiff's Complaint fails to include a single reference to a

disability of Plaintiff. Additionally, Plaintiff's Complaint fails to allege that he is qualified to "perform the essential functions of the job." In fact, Plaintiff's Complaint is void of any reference to the "job" sought by Plaintiff or any details regarding when Plaintiff sought the "job." Instead, Plaintiff baldly asserts that he "is entitled to a job because his skills and the merit system entitle him to a job." Moreover, Plaintiff's Complaint does not include any allegations regarding reasonable accommodations sought or required by Plaintiff. Finally, Plaintiff's Complaint does not allege that he was terminated or "otherwise prevented from performing the job." *Id.* Simply put, the Court is unable to draw any reasonable inference that Kelly is liable for any alleged misconduct and Plaintiff has brought forth a complaint that contains exactly the "defendant unlawfully harmed me allegation[s]" which the Supreme Court prohibited in *Ashcroft*. *Id.* Therefore, this Court should dismiss Plaintiff's Complaint against Kelly pursuant to Fed. R. Civ. P. 12(b)(6).

## **RELIEF REQUESTED**

WHEREFORE, Defendant Kelly Services, Inc., respectfully requests that this Honorable Court grant Defendant's Motion to Dismiss, and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Dated: July 1, 2015

BY:     *s/Maria G. Perri*
        Michael S. Takacs, Esquire
        Maria G. Perri, Esquire
        Two Commerce Square
        2001 Market Street, Suite 3100
        Philadelphia, Pennsylvania 19103
        michael.takacs@wilsonelser.com
        maria.perri@wilsonelser.com
        Tel: 215-627-6900

6

Fax: 215-627-2665
*Attorneys for Defendant, Kelly Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on July 1, 2015, I electronically filed the foregoing pleading

with the Clerk of the Court using the ECF system which will send notification of

such filing to all participating attorneys, and I hereby certify that I have mailed by

U.S. Postal Service the document to the following non-ECF participant:

Gordon Roy Parker
4247 Locust Street #119
Philadelphia PA 19104

BY:   *s/Maria G. Perri*
      Michael S. Takacs, Esquire
      Maria G. Perri, Esquire
      Two Commerce Square
      2001 Market Street, Suite 3100
      Philadelphia, Pennsylvania 19103
      michael.takacs@wilsonelser.com
      maria.perri@wilsonelser.com
      Tel: 215-627-6900
      Fax: 215-627-2665
      *Attorneys for Defendant, Kelly Services, Inc.*

8