IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| GORDON ROY PARKER, | : | |
| Plaintiff, | : | |
|  | : | Civil Action No. 15-cv-3337 |
| v. | : | |
|  | : | Filed Electronically |
| KELLY SERVICES, INC. AND | : | |
| INDEPENDENCE BLUE CROSS, | : | |
| Defendants. | | |

**DEFENDANT INDEPENDENCE BLUE CROSS, LLC'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.   PRELIMINARY STATEMENT**

Defendant Independence Blue Cross, LLC (incorrectly named as Independence Blue Cross) ("Defendant" or "Independence") respectfully submits this opposition in response to Plaintiff's Motion for Partial Summary Judgment ("Plaintiff's Motion") (D.E. 14).  Plaintiff's frivolous and premature motion should be denied.

**II.   RELEVANT ALLEGED FACTS AND PROCEDURAL HISTORY**

Plaintiff Gordon Roy Parker ("Plaintiff") filed his original Complaint on June 15, 2015 (D.E. 1).  Plaintiff's original Complaint, similar to the instant motion, was void of logic or legal basis.  Plaintiff purported to bring a claim for "Violations of the Rehabilitation Act of 1973" by virtue of the title of his Complaint.  Plaintiff otherwise averred that he is on SSDI and "it's bringin' him down" because he would much rather be working.  (Compl. ¶ 4).  He then claims that Independence and Kelly Services, Inc. ("Kelly") are federal contractors that "don't care" and that by virtue of the Rehabilitation Act of 1973 "Defendants are required, by law, to care."

1

(Compl. ¶¶ 6-7).  His factual basis for why he was entitled to a job with either of the Defendants is limited to the fact that: 1) they "have plenty of jobs", 2) Defendant Kelly was Plaintiff's very first employer outside his family in 1987, and 3) his grandmother "worked for IBX for life." (Compl. ¶ 10).  Lastly, Plaintiff claimed he "is entitled to a job because his skills and the merit system entitle him to a job." (*Id.*).  In sum, Plaintiff's Complaint was nonsensical.[1]

Defendant Kelly responded to Plaintiff's original Complaint by filing a Motion to Dismiss on July 1, 2015. (D.E. 10)  Independence answered the Complaint on July 6, 2015 (D.E. 12), thereby closing the pleadings with respect to claims against Independence.[2]  The next day Independence filed a Motion for Judgment on the Pleadings.[3]  (*See* D.E. 13).  Plaintiff then proceeded, later in the afternoon, to file: 1) a response to Kelly's Motion to Dismiss (D.E. 15), 2) a Motion for Leave to File Amended Complaint (D.E. 16), and 3) the instant Motion for Partial Summary Judgment (D.E. 14).  As this case was only filed in June of 2015, and is awaiting a Rule 16 conference, no discovery has been taken to date.

---

[1] Moreover, Plaintiff forecasted his favor of duplicitous litigation tactics.  Plaintiff cautioned this Court in his original Complaint that he was not concerned with pleading his claims with any requisite specificity at the outset.  But rather "[i]f Defendants want more specificity, all they have to do is ask, and amend, Plaintiff shall." (Compl. ¶ 11).

[2] By virtue of the fact that the pleadings have closed and the twenty-one day period from service of the Complaint has expired, Plaintiff's only option to amend his Complaint against Independence was with the written consent of the opposing party or with the court's leave.  *See* FED. R. CIV. P. 15(a)(2).  As Independence will not consent to substituting Plaintiff's frivolous Complaint with a more complicated frivolous pleading, Plaintiff must first demonstrate to this Court that any subsequent pleadings would have merit. *See, e.g., Husk v. Deutsche Nat. Trust. Co.*, No. H-12-1630, 2013 WL 960679, at *6 (S.D. Tex. Mar. 12, 2013).  Plaintiff's Motion for Leave to File Amended Complaint (D.E. 16) is pending and Independence will respond in a separate pleading.

[3] Plaintiff has since responded to this Motion, which is now fully briefed and pending disposition. (D.E. 18).

The instant Motion for Partial Summary Judgment seeks judgment on Plaintiff's alleged "Rehabilitation Act (Count One)" claim and his "Breach of Fiduciary Duty (Count Eight) claim." (D.E. 14).  However, Plaintiff's original Complaint does not state any counts.  While Plaintiff's original Complaint mentions the Rehabilitation Act in its title, it certainly does not reference any breach of fiduciary duty claims, or even facts suggesting a fiduciary relationship existed between these parties.  Thus, it appears that Plaintiff is already attempting to seek summary judgment on the "Amended Complaint" he is waiting for this Court to grant leave to file.[4]

Accordingly, as set forth more fully below, Independence opposes Plaintiff's Motion for Partial Summary Judgment.

### III.  LEGAL ARGUMENT

#### A.  Standard of Review

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  In reviewing the evidence, facts and inferences must be viewed in the light most favorable to the nonmoving party.  *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

In deciding a motion for summary judgment, the judge's function is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 249 (1986).  An issue is genuine only if there

---

[4] Count Eight in Plaintiff's proposed Amended Complaint attached to his Motion for Leave purports to state a breach of fiduciary duty cause of action lending further credence to this assumption.

is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party, and a factual dispute is material only if it might affect the outcome of the suit under governing law. *Kaucher v. Cnty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Liberty Lobby*, 477 U.S. at 248). "If the [nonmoving party's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (citations omitted). Utilizing this standard of review, Plaintiff's Motion for Partial Summary Judgment should be denied.

      **B.**      **Plaintiff Improperly Seeks Judgment on a Proposed Pleading.**

At the outset, Plaintiff's instant motion seeks judgment on a proposed pleading that he is also simultaneously seeking this Court's permission to file. (*See* D.E. 16). To the extent this Court grants Plaintiff's Motion for Leave to File [His] Amended Complaint, both defendants will have to be provided an opportunity to respond to the Amended Complaint. Only after responsive pleadings have been filed (or the time to file responsive pleadings has expired) could Plaintiff conceivably move for judgment if warranted.

Accordingly, Plaintiff's attempt to seek judgment on a *proposed* Amended Complaint is improper. Plaintiff's Motion for Partial Summary Judgment should be denied as a result.

      **C.**      **Plaintiff's Motion Should Be Denied as Premature and the Court Should Instead Rule on Independence's Motion for Judgment on the Pleadings.**

Plaintiff's Motion should also be denied as the pleadings are closed with respect to Independence. The pleadings are closed after an answer is filed. *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010) (the "pleadings are closed after an answer is filed"). Here, Independence filed an Answer to Plaintiff's original Complaint (D.E. 12) and thereafter filed a Motion for Judgment on the Pleadings. Even though Plaintiff has attempted to re-open the pleadings by filing a Motion for Leave to File [His] Amended Complaint, this does

4

not circumvent the fact that the pleadings have closed with respect to Independence. *See e.g. Katz v. Aiwa Am, Inc.*, 818 F. Supp. 730, 735 n.3 (D.N.J. 1993) (concluding that pleadings were "closed" despite pending motion to amend counterclaims); *see also Tristrata Tech., Inc. v. Neoteric Cosmetics, Inc.*, No. 96-227-JJF, 1997 WL 34685963, at *5 (D. Del. Sept. 30, 1997) (pendency of an amended pleading does not prevent the pleadings from being closed).

Because the pleadings have closed and a Motion for Judgment on the Pleadings is pending here, Plaintiff's Motion for Partial Summary Judgment is premature. The Court should proceed with denying the instant motion as premature and disposing of Independence's Motion for Judgment on the Pleadings on the merits. *See, e.g., Deangelo Bros. v. Platte River Ins. Co.*, No. 09-cv-1198, 2010 WL 2635983, at *10 (M.D. Pa. June 29, 2010) (denying motion for summary judgment as "premature" due to the early stage of the proceedings and instead ruling on and granting other pending motions to dismiss on the merits).

### D. Plaintiff's Motion Should Be Denied as Premature Because No Discovery Has Been Taken.

As the case was only filed a little over a month ago, the parties are still awaiting the scheduling of a Rule 16 conference. No discovery has been taken to date and no scheduling order has been entered. Courts often deny summary judgment when there is less than a full record. *See Guss v. Guidant Corp.*, No. 03-cv-04630, 2004 WL 2203736 (E.D. Pa. Sept. 30, 2004) ("we conclude that a motion for summary judgment is inappropriate prior to the close of discovery"); *Alberti v. Ron Lewis Automotive Grp.*, No. 05-cv-100, 2006 WL 2773254 (W.D. Pa. Sept. 12, 2006) (the court declined to consider Defendant's summary judgment motion on less than a full record). Plaintiff's Motion should be denied accordingly.

5

### E. Plaintiff's Motion Should Be Denied as It is Not Directed to Independence.

Lastly, while there should be no need to reach the merits of Plaintiff's Motion, to the extent the Court disagrees, Plaintiff's Motion for Partial Summary Judgment should be denied with respect to Independence because it does not detail any actions that Independence took with respect to Mr. Parker, much less any actions that rise to the level of creating liability. Throughout, Plaintiff's entire Motion for Partial Summary Judgment, the only reference to Independence appears in Paragraph 4(a) of Plaintiff's Motion alleging that Kelly "unilaterally believed IBX," but not detailing "who" or "what" they allegedly believed. Regardless, being believed is not sufficient to state a cause of action.

Plaintiff's brief in support of his Motion for Partial Summary Judgment is similarly lacking with respect to detailing any wrongdoing undertaken by Independence. Apart from generally stating the elements of a cause of action under the Rehabilitation Act and a breach of fiduciary duty claim, Plaintiff's only reference to Independence is that it is subject to the Rehabilitation Act. Even assuming *arguendo*, Independence is subject to the Rehabilitation Act, Plaintiff has not presented any factual evidence that merits partial summary judgment under Rule 56.

For purposes of brevity, the Court is also referred to Independence's Motion for Judgment on the Pleadings as to Why Plaintiff's purported claim fails under the Rehabilitation Act. (*See* D.E. 13). Plaintiff's original Complaint did not include any breach of fiduciary claims, thus Plaintiff's attempt to bootstrap this claim here should be denied for the reasoning set forth herein in Section III (B), *supra*.

6

## IV.   CONCLUSION

For all of the foregoing reasons, this Court should deny Plaintiff's Motion for Partial Summary Judgment.

        Respectfully submitted,

        **FOX ROTHSCHILD LLP**

        */s/  Rachel J. Gallagher*
        Steven K. Ludwig, Esquire
        Rachel J. Gallagher, Esquire
        Fox Rothschild LLP
        2000 Market Street, 20th Floor
        Philadelphia, PA  19103-3222
        (215) 299-2719 (phone)
        (215) 299-2150 (facsimile)
        sludwig@foxrothschild.com
        rgallagher@foxrothschild.com

        *Attorneys for Defendant*
        *Independence Blue Cross, LLC*

Dated:  July 16, 2015

## CERTIFICATE OF SERVICE

I, Rachel J. Gallagher, hereby certify that a true and correct copy of the foregoing pleading, Defendant Independence Blue Cross, LLC's Memorandum of Law in Opposition to Plaintiff's Motion for Partial Summary Judgment, was served this day upon all counsel of record via ECF and on Plaintiff via first class mail, postage prepaid at the address below:

Gordon Roy Parker
4247 Locust Street, #119
Philadelphia, PA 19104
*Pro Se Plaintiff*

                                        */s/ Rachel J. Gallagher*
                                        Rachel J. Gallagher

Dated: July 16, 2015