IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| GORDON ROY PARKER,<br>        Plaintiff,<br><br>v.<br><br>KELLY SERVICES, INC. AND<br>INDEPENDENCE BLUE CROSS,<br>        Defendants. | :<br>:<br>:<br>:  Civil Action No. 15-cv-3337<br>:<br>:  Filed Electronically<br>:<br>: |

**DEFENDANT INDEPENDENCE BLUE CROSS, LLC'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**I.     PRELIMINARY STATEMENT**

Defendant Independence Blue Cross, LLC (incorrectly named as Independence Blue Cross) ("Defendant" or "Independence") respectfully submits this opposition in response to Plaintiff's Motion for Leave to File [His] Amended Complaint ("Plaintiff's Motion") (D.E. 16). Plaintiff's frivolous motion, attaching a futile proposed Amended Complaint, should be denied.

**II.    RELEVANT ALLEGED FACTS AND PROCEDURAL HISTORY**

    **A.     General Factual Background and Procedural Posture**

Plaintiff Gordon Roy Parker ("Plaintiff") filed his original Complaint on June 15, 2015. (D.E. 1). Plaintiff's original Complaint was devoid of logic or legal basis. Plaintiff purported to bring a claim for "Violations of the Rehabilitation Act of 1973" by virtue of the title of his Complaint. Plaintiff otherwise averred that he is on SSDI and "it's bringin' him down" because he would much rather be working. (Compl. ¶ 4). He then claimed that Independence and Kelly Services, Inc. ("Kelly") are federal contractors that "don't care" and that by virtue of the

1

Rehabilitation Act of 1973 "Defendants are required, by law, to care." (Compl. ¶¶ 6-7). His averred basis for why he was entitled to a job with either of the Defendants was that: 1) they "have plenty of jobs", 2) Defendant Kelly was Plaintiff's very first employer outside his family in 1987, and 3) his grandmother "worked for IBX for life." (Compl. ¶ 10). Lastly, Plaintiff claimed he "is entitled to a job because his skills and the merit system entitle him to a job." (*Id.*). In sum, Plaintiff's original Complaint was nonsensical.

Defendant Kelly responded to Plaintiff's original Complaint by filing a Motion to Dismiss on July 1, 2015. (D.E. 10)  Independence answered the Complaint on July 6, 2015 (D.E. 12), thereby closing the pleadings with respect to claims against Independence.  The next day Independence filed a Motion for Judgment on the Pleadings.  (*See* D.E. 13).  Plaintiff then proceeded, later in the afternoon, to file: 1) a response to Kelly's Motion to Dismiss (D.E. 15), 2) a Motion for Partial Summary Judgment (D.E. 14); and 3) the instant Motion for Leave to File Amended Complaint (D.E. 16).

### B. Plaintiff's Motion to Amend Seeks this Court's Permission to File a Futile Amended Complaint.

Plaintiff acknowledges that the pleadings have closed with respect to Independence and Plaintiff now seeks this Court's leave in order to amend his Complaint. (Pl. Br. at 2). Plaintiff's brief simply presents various legal conclusions, without any factual support. For example, Plaintiff contends that "that there is no set of facts under which [Defendants] can prevail." (Pl. Br. at 4). However, Plaintiff's proposed Amended Complaint is nothing more than a more complicated and arguably even more frivolous version of his original Complaint.

In his proposed pleading, Plaintiff alleges he is a forty-eight year old male who suffers from mental illness. (Am. Compl. ¶ 36). He further claims with nothing but conclusory

5

allegations that he is a "whistleblower" and that he was made aware of some vague "pay-for-play" scheme involving Senator Fumo. (Am. Compl. ¶ 16). Based on these facts, he again alleges that the defendants here should provide him with employment or otherwise refer him to public assistance options. (Am. Compl. ¶ 25). His theories of liability remain illogical and without legal basis. However, now he proposes to assert thirteen separate counts against defendants, with sparse and illogical assertions of Independence's factual involvement.

The only specific facts alleged in Plaintiff's proposed Amended Complaint, with respect to Independence, are as follows:

- "Defendant Independence Blue Cross ('IBX') is an insurance provider and federal contractor headquartered in Philadelphia, who has entered their appearance in this case." (Am. Compl. ¶ 3).

- In September 1993 Plaintiff "worked at Blue Cross for a few days, where his work continued to receive high praise, as it had in 1987." (Am. Compl. ¶ 12).

- In 1993-94, he began "his second IBX assignment for Kelly, in February." (Am. Compl. ¶ 15).

- While allegedly on assignment at Independence, Plaintiff experienced: 1) a co-worker named Lonnie Berger (male) "would impose himself upon Plaintiff, inviting himself to lunch twice and making 'small talk' perpetually"; 2) he also interacted with an "IBX employee, Valerie Molmer, who shared sexual harassment horror stories related [sic] to her by her friends, and then let slip to Plaintiff that then-State Senator Vincent Fumo controlled the HR department at IBX" as his alleged "personal political patronage mill"; 3) a supervisor there "got wind from Berger that Plaintiff was a whistleblower, and onto the pay-for-play scheme between IBX and Fumo"; 4) the result of this was that he was escorted out of the building by a security guard who informed plaintiff "he was being terminated for 'disorientation' (whistleblowing)"; and 5) thereafter IBX apparently communicated with Kelly about Plaintiff and as a result he would "***never ever ever ever ever never never never*** again be a ***Kelly GIRL***." (Am. Compl. ¶ 16) (emphasis in original).

- Shortly after this alleged Independence assignment, Plaintiff encountered his neighbor, PCHR Director, Kevin Vaughn as well as "the late Sol Sardinsky" with whom he shared his experiences regarding Kelly and IBX. When Plaintiff questioned them about Fumo, they agreed with him that he was "taking his life into his hands" if he took on Fumo and as he was only "twenty-seven" at the time – he had too much life to live. (Am. Compl. ¶ 17).

5

- "[U]pon his termination from Kelly/IBX, neither Defendant did anything other than fire Plaintiff."  (Am. Compl. ¶ 21).  However, Plaintiff claims he was never advised of his disability options, nor was he "even **asked** if he was mentally ill, which he was." (*Id.*) (emphasis in original).

- Prior to the 1994 incident with "IBX, Plaintiff had always been high-functioning." (Am. Compl. ¶ 22).  Thereafter, his income "dropped off a cliff" (*id.*).

- Thereafter Plaintiff would occasionally engage in "intermittent protest calls from Plaintiff to Kelly, and occasionally IBX, through 2015." (Am. Compl. ¶ 23).

- "In a timely manner, in late 2014," **after almost twenty-years had passed** since Plaintiff allegedly spent a few days working on site at Independence through Kelly, Plaintiff claims he filed charges of discrimination, including one for "retaliation against Blue Cross." (Am. Compl. ¶ 26).  He claims he was then issued a Dismissal and Notice of Right to Sue in May of 2015.  (Am. Compl. ¶ 27).

- "Plaintiff then contacted IBX several times during the period in controversy, most recently earlier in 2015, in the hope that they would hire him, but they refused him as well." (Am. Compl. ¶ 29).

- Plaintiff then avers he is qualified to work in a litany of legal positions "for which IBX has positions intermittently." (Am. Compl. ¶ 32).

- Plaintiff then goes on to claim that defendants worked to blacklist him:  "Defendant IBX was acting vicariously through, jointly, and in full conspiracy with Defendant Kelly (and *unnamed co-conspirator,* State senator Fumo…." (Am. Compl. ¶ 34).

In sum, like Plaintiff's original Complaint, Plaintiff's proposed Amended Complaint is utter nonsense, just with more detailed nonsense.  In fact, if anything, Plaintiff is seeking leave to amend his complaint against defendants, despite admitting that *he has harassed defendants*, including Independence, for decades, but that now he should somehow reap the benefit of alleged "affirmative action."  (*See* Am. Compl. ¶ 23).  Plaintiff then pleads a litany of employment discrimination claims under various statutes and other torts against both defendants.

5

As set forth in more detail below, because Plaintiff has not alleged any facts giving rise to viable claims against Independence in his proposed amended pleading, Independence hereby opposes Plaintiff's Motion.

## III. LEGAL ARGUMENT

### A. Standard of Review

Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility. "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing "futility," the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997); *see also Cureton v. National Collegiate Athletic Assoc.*, 252 F.3d 267, 272-273 (3d Cir. 2001) (court may refuse to allow an amendment that fails to state a cause of action). In construing motions made pursuant to Rule 12(b)(6), the United States Supreme Court has explained that "only a complaint that states a plausible claim for relief survives a motion to dismiss," leading a reviewing court to engage in a "context-specific" inquiry that "requires [it] to draw on its judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *see also Hofferica v. St. Mary Med. Ctr.,* 817 F. Supp. 2d 569, 574-75 (E.D. Pa. 2011). Under this standard, a pleading may not simply offer "labels and conclusions," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 664. Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, which is to say that there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Essentially, a plaintiff must provide "enough facts to raise a reasonable

expectation that discovery will reveal evidence of the necessary element[s]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quotation marks omitted).

This Court regularly denies motions seeking futile amendments. *See Walker v. Stern*, No. 11-1659, 2012 WL 3731375 (E.D. Pa. Aug. 29, 2012) (Tucker, J.) (dismissing the plaintiff's complaint in a wrongful death suit and stating that any further amendments to the complaint would be futile); *Brown v. Udren Law Offices PC*, No. 11-2697, 2011 WL 4011411 (E.D. Pa. Sept. 9, 2011) (Tucker, J.) (stating that granting leave to amend the plaintiff's complaint would be futile); *Prescod v. Bucks Cnty.*, No. 08-3778, 2009 WL 3617751 (E.D. Pa. Nov. 2, 2009) (Tucker, J.) (denying the plaintiff's motion to amend because the amended claims were likely futile); *Smith v. Argent Mortgage Co., LLC*, No. 08-65, 2008 WL 2945385 (E.D. Pa. July 30, 2008) (Tucker, J.) (denying a defendant's motion to amend its Notice of Removal because the amendments would be futile). As set forth below, because Plaintiff's proposed Amended Complaint presents only futile claims against Independence. Plaintiff's Motion should be denied.

      **B.**    **Plaintiff's Proposed Claims Are Time-Barred by the Applicable Statutes of Limitations.**

At the outset, Plaintiff's Amended Complaint is futile because he has waited over **almost twenty years** to file both the appropriate administrative charges (filed in 2014) and this lawsuit (filed in 2015). The factual basis upon which Plaintiff is pursuing this litigation occurred no later than 1994. (Am. Compl. ¶ 15). He did not file administrative charges until 2014 and he did not file this suit until 2015. Plaintiff has so seriously delayed acting on his rights that he is now time-barred by the applicable statutes of limitations for **all** of his proposed claims. (*See* Am. Compl. ¶ 17) (noting at twenty-seven, Plaintiff is now forty-eight, that he was contemplating taking on Fumo and these issues).

5

Regarding Plaintiff's claim that he sat on his rights for so long because he feared "for his physical safety and life," this must be disregarded.  Absolutely no wrongdoing is pled in Plaintiff's proposed Amended Complaint on the part of Independence.  At most, Plaintiff alleges that his at-will employment was terminated, which is not unlawful and does not support a cognizable claim.  Moreover, suffering terminated employment is a grossly insufficient ground to justify waiting this long to sue.  Accordingly, Plaintiff's Amended Complaint is futile on its face as all the claims are time-barred.

        **C.**    **All of Plaintiff's Claims are Otherwise Futile with Respect to Independence.**

In light of the fact that all of Plaintiff's claims are time-barred, this Court should not have to reach the merits in disposing of the instant motion.  However, for purposes of completeness, Independence addresses how all of the proposed claims in Plaintiff's proposed Amended Complaint are futile and thus amendment against Independence is wholly improper.

        **1.**    **Plaintiff Cannot State a Viable Claim Against Independence under the Rehabilitation Act (Proposed Count One).**

Independence has already briefed in detail why Plaintiff's claims under the Rehabilitation Act fail.  No new facts are pled in Plaintiff's proposed Amended Complaint that change this analysis.  Thus, for purposes of brevity, this Court is respectfully referred to Independence's Motion for Judgment on the Pleadings for a detailed analysis as to why this claim is not legally viable against Independence.  (*See* D.E. 13).

        **2.**    **Plaintiff Cannot State a Viable Claim Against Independence under the Americans with Disabilities Act ("ADA") (Proposed Count Two).**

To succeed on an ADA claim, a plaintiff must show: (1) he is disabled as defined by the ADA; (2) he is qualified to perform the essential functions of the job with or without reasonable accommodation; and (3) he suffered discrimination on the basis of his disability.  *See, e.g.*, *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 611 (3d Cir. 2006).

Here, Plaintiff is not clear on how he is "disabled." He has not pled in detail how he exhausted his administrative remedies for an ADA claim. For example, he has not pled that he even filed a timely charge against Independence alleging discrimination on the basis of disability. Further, Plaintiff's Amended Complaint is devoid of averments that Independence discriminated against him on the basis of any alleged disability. Rather he pleads it simply terminated him. (Am. Compl. ¶ 21). Thus, Plaintiff has not pled a viable claim under the ADA.

### 3. Plaintiff Cannot State a Viable Claim Against Independence Under Title VII For Gender Discrimination (Proposed Count Three).

The Supreme Court devised a three-tiered burden shifting framework in Title VII gender discrimination cases. In the first tier, the plaintiff must prove a *prima facie* case, which consists of four elements: (1) that the plaintiff is a member of a protected class; (2) that the plaintiff was qualified for the position he held at the time of her termination; (3) that the plaintiff was terminated from his position; and (4) that his termination occurred in circumstances giving rise to an inference that it was based on the plaintiff's gender. *See Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 352 (3d Cir. 1999); *see also Calabritto v. Dillon*, 920 F. Supp. 370, 375 (E.D.N.Y. 1996) *aff'd*, 107 F.3d 2 (2d Cir. 1997).

Here, Plaintiff has alleged he is male. He has not otherwise alleged facts that he is part of a protected class. He has not averred facts establishing that he exhausted the administrative remedies required to proceed on this claim, at least with respect to Independence. Similar to many of the claims here, Plaintiff fails to explain what, if anything, Independence has done to him on account of his gender. Without pleading *anything* that lead to an inference of discrimination because of his gender, this claim fails.

5

### 4. Plaintiff Cannot State a Viable Retaliation Claim Against Independence Under Title VII (Proposed Count Four).

To establish a prima facie case of retaliation, an employee must show that (1) he was engaged in protected activity under Title VII; (2) the employer took an adverse action against the employee; and (3) there was a causal connection between the protected activity and that adverse action. *See, e.g.*, *McKinnon v. Gonzales*, 642 F. Supp. 2d 410, 424 (D.N.J. 2009)

Here, Plaintiff has failed to plead any protected activity related to Title VII. Further, Plaintiff has not pled any *facts* to support any causal connection between his termination and any protected activity. Accordingly, this claim fails.

### 5. Plaintiff Cannot State a Viable Claim for Any Equal Pay Act Violations Against Independence (Proposed Count Six).

In order to state a claim under the Equal Pay Act, plaintiff must first demonstrate that employees of the opposite sex were paid differently for performing "equal work"—work of substantially equal skill, effort and responsibility, under similar working conditions. *See E.E.O.C. v. Delaware Dept. of Health and Soc. Servs.*, 865 F.2d 1408, 1413–14 (3rd Cir.1989); *see also Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000).

Plaintiff does not plead any allegations that suggest Independence was paying female employees differently than Plaintiff for equal work or that he was employed by Independence during the current millennium. This claim fails.

### 6. Plaintiff Cannot State a Viable Negligence Claim Against Independence (Proposed Count Seven).

Under Pennsylvania law, the elements of negligence are (1) the existence of a duty requiring a person to conform to a certain standard of conduct; (2) the defendant's breach of the duty or failure to conform to the standard; (3) a causal connection between the breach of the duty and the resulting injury; and (4) actual loss or damage to the plaintiff. *See Phillips v. Northwest*

5

*Reg'l Commc'ns*, 669 F. Supp. 2d 555, 578 (W.D. Pa. 2009) *aff'd sub nom*, 391 F. App'x 160 (3d Cir. 2010). The Commonwealth Court defines gross negligence as failure to perform a duty in reckless disregard of the consequences or with such want of care as to justify a conclusion of willfulness or wantonness. *See Bloom v. Dubois Reg'l Med. Ctr.*, 409 Pa. Super. 83, 97-98 (1991).

Plaintiff's proposed Amended Complaint does not plead any duty that Independence had with respect to Plaintiff. In fact, when Plaintiff was working on Independence's premises, he was contracted through Kelly. Plaintiff was never directly employed by Independence. Moreover, he does not plead that he ever even applied to a job for Independence. He simply pleads that he wants a job. Absent a duty to Plaintiff, and any facts pled to suggest that Independence engaged in any wrongdoing, this claim fails.

### 7. Plaintiff Cannot State a Viable Breach of Fiduciary Duty Claim Against Independence (Proposed Count Eight).

To succeed on a breach of fiduciary duty claim a plaintiff must first show that a fiduciary relationship exists in that "one person has reposed a special confidence in another to the extent that the parties do not deal with each other on equal terms, either because of an overmastering dominance on one side or weakness, dependence or justifiable trust, on the other." *Destefano & Assoc., Inc. v. Cohen*, No. 2775, 2002 WL 1472340, at *3 (Pa. Com. Pl. May 23, 2002).

Plaintiff does not plead that any fiduciary relationship (recognized by law) existed here, much less one between Plaintiff and Independence. This claim fails.

### 8. Plaintiff Cannot State a Viable Defamation Claim Against Independence (Proposed Count Nine).

Under Pennsylvania law, a defamation plaintiff bears the burden to show: (1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) the understanding by the recipient of its defamatory meaning; and

5

(5) the understanding by the recipient of it as intended to be applied to the plaintiff.  *See Tucker v. Fischbein*, 237 F.3d 275, 281 (3d Cir. 2001).  Plaintiff has not pled a single element of this claim.  Most importantly, he does not single out a statement or publication issued by Independence that allegedly defamed him.  This claim fails.

### 9. Plaintiff Cannot State a Viable Tortious Interference Claim Against Independence (Proposed Count Ten).

To state a claim for tortious interference under Pennsylvania law, a plaintiff must allege: (1) the existence of a contractual, or prospective contractual relation between the complainant and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent a prospective relation from occurring; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual legal damage as a result of the defendant's conduct.  *See CGB Occupational Therapy, Inc. v. RHA Health Servs. Inc.*, 357 F.3d 375, 384 (3d Cir. 2004).

Plaintiff fails to plead any contractual relationship that satisfies this test, much less any purposeful actions on the part of Independence to interfere with such a relationship.  This claim fails.

### 10. Plaintiff Cannot State a "Wrongful Termination" Claim Under the PHRA (Proposed Count Eleven).

Under the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951 *et seq.*, Plaintiffs must first exhaust their administrative remedies to pursue a claim.  Plaintiff has not pled that he exhausted his administrative remedies under the PHRA with respect to Independence and this claim, thus it cannot survive.

Further, he does not plead that he was ever directly hired by Independence.  Beyond that, Pennsylvania law presumes that all employment is at-will unless the employee is able to prove otherwise by showing with "clarity and specificity that the parties contracted for a definite

period." *See Maier v. Police and Fire Fed. Credit Union*, 813 F. Supp. 326, 332 (E.D. Pa. 1993). An at-will employee can be discharged for any or no reason. Plaintiff has not pled any facts to overcome this presumption. This claim fails.

**11.  There is No Cause of Action for "Failing to Hire in the Public Interest" (Proposed Count Twelve).**

Demonstrating that Plaintiff continues to be undeterred in pursuing frivolous litigation, Plaintiff's Complaint alleges a claim of "failure to hire against the public interest under the PHRA." As this Court has previously recognized in a case brought *by Plaintiff*, this is not a viable claim. *See Gordon Roy Parker v. Trustees of the Univ. of Pennsylvania*, No. 05-4874, 2008 WL 7448470 (E.D. Pa. Jan. 2, 2008) (Tucker, J.) (dismissing Mr. Parker's "failure to hire against the public interest" claim under the PHRA because the Court could not locate any statutory basis).

**12.  Plaintiff Cannot State a Viable Claim for Civil Conspiracy Against Independence (Proposed Count Thirteen).**

The elements necessary to support a claim for civil conspiracy are as follows: (1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; (2) an overt act done in pursuance of the common purpose; and (3) actual legal damage. *See PNC Bank v. PECO Energy Co.*, No. 06-14594, 2010 WL 5861105, at *108-09 (Pa. Com. Pl. June 11, 2010), *aff'd sub nom.* 26 A.3d 1176 (Pa. Super. Ct. 2011).

To the extent Plaintiff claims defendants were co-conspirators, he fails to plead that they collaborated on any overt act beyond his conclusory allegations. Further, there are no facts pled to suggest that they engaged in an overt act with a common unlawful purpose. Thus, this claim fails.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Amended Complaint is woefully futile (and frivolous) on its face. Accordingly, this Court should deny Plaintiff's Motion for Leave to File [His] Amended Complaint with respect to Independence.

                                                   Respectfully submitted,

                                                   **FOX ROTHSCHILD LLP**

                                                   */s/ Rachel J. Gallagher*
                                                   Steven K. Ludwig, Esquire
                                                   Rachel J. Gallagher, Esquire
                                                   Fox Rothschild LLP
                                                   2000 Market Street, 20th Floor
                                                   Philadelphia, PA  19103-3222
                                                   (215) 299-2719 (phone)
                                                   (215) 299-2150 (facsimile)
                                                   sludwig@foxrothschild.com
                                                   rgallagher@foxrothschild.com

                                                   *Attorneys for Defendant*
                                                   *Independence Blue Cross, LLC*

Dated:  July 21, 2015

## CERTIFICATE OF SERVICE

I, Rachel J. Gallagher, hereby certify that a true and correct copy of the foregoing pleading, Defendant Independence Blue Cross, LLC's Memorandum of Law in Opposition to Plaintiff's Motion for Leave to File [His] Amended Complaint, was served this day upon all counsel of record via ECF and on Plaintiff via first class mail, postage prepaid at the address below:

Gordon Roy Parker
4247 Locust Street, #119
Philadelphia, PA 19104
*Pro Se Plaintiff*

                                                    */s/  Rachel J. Gallagher*
                                                    Rachel J. Gallagher

Dated:  July 21, 2015