## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYVLANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **KELLY SERVICES, INC. AND** | : | **Case No:  15-cv-3337-PBT** |
| **INDEPENDENCE BLUE CROSS, LLC** | : | |
| **("IBX")** | : | |
| | : | |
| **Defendants** | | |

## ORDER

AND NOW, this ___ day of August, 2015, in consideration of Plaintiff's Motion For Partial

Summary Judgment, and all responsive papers thereto, the motion is GRANTED.

An Opinion Memorandum is attached.

_____

**J.f**

**IN THE UNITED STATES COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GORDON ROY PARKER,** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **KELLY SERVICES, INC. AND** | : | **Case No:  15-cv-3337-PBT** |
| **INDEPENDENCE BLUE CROSS, LLC** | : | |
| **("IBX")** | : | FILED |
| **Defendants** | : | JUL 27 2015 |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HIS**
**MOTION FOR PARTIAL SUMMARY JUDGEMENT**

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

Plaintiff Gordon Roy Parker, in the above-styled action, submits this reply brief in the instant motion:

## I.    PRELIMINARY STATEMENT

Despite Defendant's claim of frivolity, the instant motion is anything but frivolous or premature.  Part of the motion is *conditional*, predicated upon leave to amend which should be granted, especially against Kelly; by extension, judgment against Kelly should extend to judgment against IBX due to vicarious liability.  The "meat" of the motion, however, is based on the original, not the amended, Complaint.

The portion of this case for which summary judgment is sought quickly boils down to three basic legal questions:

1.    *Is Plaintiff employable?*

2.    *Is Plaintiff qualified?* and;

3.    *Did Defendant deny Plaintiff equal opportunity and treatment?*

1

If the answer to 1) is no, Plaintiff does not belong in the ***Ticket To Work*** program, or any other attempt to "rehabilitate" him, and everyone can go home.  If yes, however, Defendant IBX, as part of a single "federal employment network," has no standing to treat Plaintiff differentially, or otherwise not advocate for him the way they are required by law to do so for any similarly situated, disabled applicant.

The answer to 2) is clearly yes, since Defendant IBX ***twice*** contracted through Defendant Kelly to hire Plaintiff for a temporary assignment.  Plaintiff's education, skills, and experience, especially compared to the disabled class of workers with whom he is competing for the new 7.0% "goal" (quota) for federal disabled incumbency.

The answer to 3) was made obvious by Defendant Kelly's internal logs, and Defendant IBX's initial conduct in 1994, after which Plaintiff was deemed a security risk to be barred from the premises rather than a valued worker who should be hired, or, at the least, notified of his perceived disability,  By definition, this is interference with Plaintiff's ***Ticket To Work***.

## II.   RELEVANT ALLEGED FACTS AND PROCEDURAL HISTORY

Defendant, using highly slanted language in calling this action frivolous, calls Plaintiff's complaint "nonsensical" (Response, p. 2), and asserts that, by virtue of its answer, that "the pleadings are closed." (Id).  Defendant, however, fails to note that Plaintiff offered to let them "go home" (drop them from the complaint), but instead, they elected to play ***Beat The Clock***, rushing the filing of an Answer.  The only logical motive for their continued, voluntary participation in this case is to use their filing of the Answer to prevent Plaintiff from amending the action against Defendant Kelly.  Regardless, leave to amend should be freely granted, especially since the Amended Complaint was (and still is) timely as a standalone action.

Defendant's assertion that Plaintiff's litigation strategy is "duplicitous" [sic] (duplicative) is incorrect: until Defendant IBX assumed its adversarial position, Plaintiff could not take for granted that he would even *need* to amend.  IBX was well aware of the underlying facts in the Amended Complaint, which are still timely even under his 90-day right to sue.  Contrary to Defendant's assertion, the original Complaint was still properly pled, with a single focus on the Rehabilitation Act, and plenty of time to add the other counts even in a new lawsuit.  Defendant's own filing "closed the pleadings" with Plaintiff still having his Title VII and other claims well in reserve.  Moreover, until the underlying questions from paragraph I above are resolved, Plaintiff's standing under the Rehabilitation Act (and 42 USC §1983) are perpetual and ongoing.

### The Pleadings Are NOT Closed

Defendant IBX is in a rush to "close" this case, and has asserted that "the pleadings are closed," despite the ongoing nature of Plaintiff's standing, or their responsibility under the Rehabilitation Act to take affirmative steps to find him employment, as they should with any disabled worker.  Plaintiff's Memorandum in support of hit motion For Leave To Amend argues why that leave should be granted.

Even if the "pleadings are closed," even those pleadings are sufficient for Plaintiff to prevail.  That the pleading was "thin" does not mean the case was improperly pled.  Plaintiff is further certain that, should leave to amend be granted, a reverse "bucket of mud" argument will be made in favor of dismissal.

Defendant claims that Plaintiff "states no counts" in his original Complaint, yet he made it very clear that he was entitled to relief under the Rehabilitation Act, in the manner dramatized in the movie *Philadelphia*, and its real-life counterparts, such as <u>Doe v. Kohn</u>.  The rules specify *no form of action*, and precedent tilts universally towards granting leave to amend for any curable

3

deficiencies.  This argument would also appear to be precluded by Defendant filing an Answer, thus waiving 12(b)(6) arguments such as this.

### III.  LEGAL ARGUMENT

#### A.  Standard of Review

The memorandum in support of the instant motion has briefed the court.

#### B.  The Instant Motion Is Based On Both The Original And Proposed Pleadings

Defendant Kelly's Motion To Dismiss, and accompanying exhibits, have all but proven the allegations in the original complaint, upon which the motion is primarily based, with conditional arguments which presume leave to amend will be granted.  To the extent the motion is premature, it should "activate" the moment leave to amend is granted.

#### C.  Defendant IBX's Motion For Judgment On The Pleadings Should Be Denied As Moot.

Since Plaintiff should be granted leave to amend the complaint, Defendant's Motion For Judgment On The Pleadings should be denied as moot.

#### D.  Plaintiff Does Not Need Discovery

With Defendant Kelly's judicial admissions in its own pleadings serving as the basis for the instant motion, Plaintiff has no need for discovery.  Defendant Kelly has admitted to 1) firing Plaintiff and barring him from seeking future employment; 2) because of his termination at IBX.  The facts are not in question, as they have been admitted by the Defendants.  The only question which remains is liability based on these undisputed facts.

Defendant IBX's argument that "the pleadings are closed" is undermined by its insistence that discovery needs to be taken, since pleadings are commonly amended to conform to the facts revealed in discovery (as is also the case here).

4

**E.    The Motion Is Directed At Both Defendants**

Plaintiff has certainly pled facts to support his motion.  It is clear that IBX has

repeatedly refused to consider him for employment; the only question there is liability.  With

regard to the facts which relate to Defendant Kelly Services, vicarious liability extends to

Defendant IBX.

## IV.  CONCLUSION

This case should be decided based on the fundamental questions set forth in Section I

above.  Defendant could easily have begun working with Plaintiff to find him employment, but

has instead chosen to litigate, despite having been given the opportunity to have all claims

against it dropped, and to litigate almost purely on procedure and technicality.  Given that the

underlying conduct alleges that Defendant IBX participated in a *felonious* "pay to play" scheme,

this is not at all surprising, and explains why they passed on a chance to be done with this

litigation.

As a "private attorney general" and *whistleblower*, Plaintiff expects the government

which he serves to "have his back" after he literally put his life on the line to expose a cancer on

the public interest.  Defendant is urging this court to tell Plaintiff to "go home," and to brand him

a vexatious, frivolous litigant.  Plaintiff could easily just train at chess all day, or live a life

unencumbered by work, as he is on SSDI.  Were this court to entertain any of Defendant's

arguments, Plaintiff would take that as a sign that his country has deemed his attempts to assist

it.

If Defendant is granted its motion, dismissing the case on a Monday, whither

Tuesday?  Unless Defendant IBX were to suddenly change course, at that very moment,

Plaintiff's standing to sue would renew, perpetually, until this Court decides, once and for all, if

Plaintiff is employable, and if his position that the **Ticket To Work** program, and the Workforce Investment Act of 2014, have created a **de facto** "federal employment network" which does not allow individual employers to single out individual workers (i.e., with the worker being "qualified" for some federal contractors, but not others).

Put simply, if IBX has no obligation to work with Plaintiff, neither should **any** federal contractor, and Plaintiff should seek work at all, since doing so results in outcomes which do more harm than good to his disability, with Plaintiff literally stripped of his rights to sue.

This the 27th day of July, 2015.

Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
PLAINTIFF

## IN THE UNITED STATES COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | |
| | : | |
| **v.** | : | |
| | : | |
| **KELLY SERVICES, INC. AND** | : | **Case No:  15-cv-3337-PBT** |
| **INDEPENDENCE BLUE CROSS, LLC** | : | |
| **("IBX")** | : | |
| | : | |
| **Defendants** | : | |

### CERTIFICATE OF SERVICE

I, Gordon Roy Parker, Plaintiff in the above-styled action, hereby certify that I have served

a copy, by **regular mail and e-mail**, to Defendants' counsel of record, **Plaintiff's Reply to**

**Defendant IBX's Response To His Motion For Partial Summary Judgment**, as follows:

Maria G. Perri                                    Rachel J. Gallagher
Wilson, Elser, Moskowitz,                 Fox Rothschild, LLP
Edelman & Decker, LLP                     2000 Market Street, 20th Floor
Two Commerce Square                       Philadelphia, PA  19103
2001 Market Street, Suite 3100          Attorney for Defendant IBX
Philadelphia, PA  19103
Attorney for Defendant Kelly

This the 27th day of  July, 2015.

_____
Gordon Roy Parker, Pro Se
4247 Locust Street, #119
Philadelphia, PA 19104
(267) 298-1257
SnodgrassPublish@aol.com
PLAINTIFF