IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GORDON ROY PARKER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **CIVIL ACTION** |
| v. | : | |
| | : | **NO. 15-3337** |
| **KELLY SERVICES, INC.** | : | |
| | : | |
| and | : | |
| | : | |
| **INDEPENDENCE BLUE CROSS** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

## ORDER

**AND NOW,** this _23rd_ day of September, 2015, upon consideration of Defendant Kelly Service, Inc.'s Motion to Dismiss the Complaint (Doc. 11) and Plaintiff's Brief in Response (Doc. 15), **IT IS HEREBY ORDERED** that Defendant Kelly Service, Inc.'s Motion is **GRANTED.**[1]

Upon consideration of Defendant Independence Blue Cross' Motion for Judgment on the Pleadings (Doc. 13) and Plaintiff's Brief in Opposition (Doc.18), **IT IS FURTHER ORDERED** that Defendant Independence Blue Cross' Motion for Judgment on the Pleadings is **GRANTED.**[2]

**IT IS FURTHER ORDERED** that the Clerk of Court shall mark the above-captioned case as **CLOSED** for statistical purposes.

BY THE COURT:

/s/ Petrese B. Tucker
_____
**Hon. Petrese B. Tucker, U.S.C.J.**

---

[1]     *Pro Se* Plaintiff Gordon Roy Parker brings this action against Kelly Services, Inc. ("Kelly") for violations of the Rehabilitation Act of 1973 and various federal civil rights laws. Defendant Kelly moves to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

Rule 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 571 (2007)). When reviewing a complaint under a Rule 12(b)(6) standard, courts in this circuit apply a three-step analysis. *Ciser v. Nestle Waters North America Inc.*, 596 F. App'x 157, 163 (3d Cir. 2015). First, the court must identify the elements a plaintiff must plead to state a claim for relief. *Id.* Second, the court disregards conclusory allegations not entitled to the assumption of truth. *Id.* Third, the court determines whether the well-plead factual allegations, assumed to be true, plausibly give rise to a right to relief. *Id.*

As the Court can best discern, Plaintiff alleges he is entitled to a job with either of the Defendants because they "have plenty of jobs," Defendant Kelly was Plaintiff's first employer outside his family in 1987, and his grandmother "worked for IBX [Independence Blue Cross] for life." Compl. ¶ 10. Plaintiff further alleges he "is entitled to a job because his skills and the merit system entitle him to a job," and that the Rehabilitation Act of 1973 requires the Defendants "to care" that he is unemployed. Compl. ¶ 7. According to Plaintiff, Defendants' alleged wrongdoing violates the Rehabilitation Act of 1973 and Title VII of the Civil Rights Act of 1964 ("Title VII"). As relief, Plaintiff seeks "a job," "a few bucks for his troubles along the way…plus costs of suit," and "some punitive damages, to better show Defendants the error of their ways." Compl. Prayer for Relief ¶ 1-3.

The Court agrees with Defendant Kelly that Plaintiff fails to state a claim upon which relief can be granted. Plaintiff fails to allege facts that provide a basis for a prima facie case under the Rehabilitation Act of 1973 against Defendants. "To establish a prima facie case of discrimination under the Rehabilitation Act, an employee must show, '(1) that he or she has a disability; (2) that he or she is otherwise qualified to perform the essential functions of the job, with or without reasonable accommodations by the employer; and (3) that he or she was nonetheless terminated or otherwise prevented from performing the job.'" *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007) (citing *Shiring v. Runyon*, 90 F.3d 827, 831 (3d Cir. 1996)). Plaintiff fails to plead that he has a "disability" as defined under the Rehabilitation Act. *See* 29 U.S.C. § 705(9); 42 U.S.C. § 12102 (defining "disability"). Most notably, Plaintiff fails to establish that Defendants are federal actors, which is of utmost importance as the Rehabilitation Act only applies to claims of discrimination against "federal employers and to employers receiving federal funding." *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). This Circuit has held that "no private right of action exists under [section 503(a) of the Rehabilitation Act requiring federal contractors to employ qualified handicapped individuals]." *Beam v. Sun Shipbuilding & Dry Dock Co.*, 679 F.2d 1077, 1077 (3d Cir. 1982). Rather than provide support for his assertion that Defendants are federal actors, Plaintiff merely makes the conclusory allegation that Defendants are "federal contractors [that] don't care." Compl. ¶ 6.

Finally, Plaintiff failed to allege any facts in regards to his employment relationship with either of the Defendants, which is required for Title VII coverage. *See* 42 U.S.C. §§ 2000e-2,

---

2000e-3 (listing unlawful employment practices). Accordingly, the Court will grant Kelly's motion and dismiss Plaintiff's Complaint.

[2]   *Pro Se* Plaintiff Gordon Roy Parker brings this action against Independence Blue Cross ("Independence") for violations of the Rehabilitation Act of 1973 and various federal civil rights laws. Defendant Independence moves for a judgment on the pleadings under Fed. R. Civ. P. 12(c).

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed, as long as the party does so "within such time as not to delay the trial." Fed. R. Civ. P. 12(c). Courts in this circuit construe motions for judgment on the pleadings that assert failure to state a claim under the same standard as motions to dismiss made pursuant to Rule 12(b)(6). *Katzenmoyer v. City of Reading*, 158 F. Supp. 2d 491, 496 (E.D. Pa. 2001). "The only notable difference between these two standards is that the court in a motion on the pleadings reviews not only the complaint but also the answer and written instruments attached to the pleadings." *Sprague v. Neil*, No. 1:05-CV-1605, 2007 WL 3085604, at *2 (M.D. Pa. Oct. 19, 2007) (citing 2 Moore's Fed. Practice Civil § 12.38 (2004)).

As discussed at length above, courts in this circuit apply a three-step analysis when reviewing complaints under a Rule 12(b)(6) standard. *Ciser v. Nestle Waters North America Inc.*, 596 F. App'x 157, 163 (3d Cir. 2015). The Court cannot grant judgment on the pleadings "unless the movant clearly establishes there are no material issues of fact, and he is entitled to judgment as a matter of law." *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005) (citing *Society Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)). Regarding Defendant Independence's argument that Plaintiff fails to state a claim on which relief may be granted, this Court adopts its reasoning addressing Defendant Kelly's motion to dismiss. Accordingly, the Court will grant Independence's motion.