IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GORDON ROY PARKER | : | |
| 4247 Locust Street # 119 | : | |
| Philadelphia, PA 19104 | : | |
| (267) 298-1257 | : | CIVIL ACTION |
| SnodgrassPublish@aol.com | : | |
| | : | |
| Plaintiff, | : | No. 15-3337 |
| | : | |
| v. | : | |
| | : | |
| KELLY SERVICES, INC. | : | |
| 1760 Market Street, #902 | : | |
| Philadelphia, PA 19103, and | : | |
| | : | |
| INDEPENDENCE BLUE CROSS, | : | |
| 1900 Market Street, | : | |
| Philadelphia, PA 19103 | : | |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION**

NOW COMES, Defendant, KELLY SERVICES, INC., by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and, for its Response to Plaintiff's Motion for Reconsideration hereby states as follows:

1. Defendant denies the allegations contained therein for the reason they are untrue.

2. Defendant denies the allegations contained therein for the reason they are untrue.

3. Defendant denies the allegations contained therein for the reason they are untrue.

Further, Defendant is unclear as to the "game of Beat The Clock" continually referenced by Plaintiff.

4.	Defendant denies the allegations contained therein for the reason they are untrue. It is altogether unclear as to how Plaintiff "had ineffective assistance of counsel" when Plaintiff is proceeding *pro se*.

5.	Defendant denies the allegations contained therein for the reason they are untrue.

6.	Defendant denies the allegations contained therein for the reason they are untrue.

7.	Defendant denies the allegations contained therein for the reason they are untrue.

8.	Defendant denies the allegations contained therein for the reason they are untrue.

9.	Defendant denies the allegations contained therein for the reason they are untrue.

10.	Defendant denies the allegations contained therein for the reason they are untrue.

## ARGUMENT

The "purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café, by Lout-Ann, Inc v Quinteros*, 176 F3d 669, 677 (3d Cir.1999). A "party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rending its original decision fails to carry the moving party's burden." *Gutierrez v Ashcroft*, 289 F Supp 2d 555, 561 (D. N.J. 2003) aff'd *Gutierrez v Gonzalez*, 125 Fed Appx 406 (3d Cir.2005). Such motions will only be granted when (1) an intervening change in the law has occurred; (2) new evidence not previously available has emerged; or (3) the need to correct a clear error of law or prevent a manifest injustice has arisen. *North River Ins Co v CIGNA Reinsurance Co*, 52 F3d 1194, 1218 (3d Cir.1995).

The primary basis for Plaintiff's Motion is his disagreement with the Court's Order granting Defendants' Motions for Reconsideration and denying Plaintiff's Motion for Leave to

976620v.1

Amend. As such, Plaintiff's "arguments" were previously addressed by Defendant and require minimal response [1]. The only "new" arguments set forth by Plaintiff relate to Plaintiff's references to "Ineffective Assistance of Counsel" and his claim that he "should have been granted counsel." (Plaintiff's Motion, p. 10). Plaintiff offers no authority to support the assertion that either provides the basis for a Motion for Reconsideration. Moreover, it is ridiculous that Plaintiff, who is proceeding *pro se*, attempts to assert "Ineffective Assistance of Counsel." Plaintiff's contention is symbolic of the many frivolous allegations contained in Plaintiff's Complaint which was dismissed by the Court. Finally, Plaintiff's reliance on 42 USC 2000e-5(f)(1) in support of his contention that he should have been granted counsel is misplaced. Plaintiff never filed a Motion for Counsel. *See*, *Guide v Rockford Center, Inc*, 393 Fed Appx 838, 839-40 (3d Cir.2010). Consequently, the Court never had an opportunity nor considered appointing counsel for Plaintiff. Plaintiff's failure to file a timely Motion for counsel cannot provide the basis for the Court to reconsider its prior rulings when Plaintiff never expressed a desire for counsel. Because Plaintiff has failed to show an intervening change in the law, new evidence previously unavailable or a clear error of law, Plaintiff's Motion for Reconsideration should be denied. *North River Ins Co, supra*.

---

[1] Defendant incorporates by reference the argument and discussion set forth in Defendant's Motion to Dismiss, Defendant's Response to Plaintiff's Motion for Leave and Defendant's Response to Plaintiff's Motion for Summary Judgment.

WHEREFORE, Defendant, KELLY SERVICES, INC., respectfully requests this Honorable Court to deny Plaintiff's Motion for Reconsideration.

        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP

BY:  *s/Maria G. Perri*
      Michael S. Takacs, Esquire
      Maria G. Perri, Esquire
      Two Commerce Square
      2001 Market Street, Suite 3100
      Philadelphia, Pennsylvania 19103
      michael.takacs@wilsonelser.com
      maria.perri@wilsonelser.com
      Tel: 215-627-6900 / Fax: 215-627-2665
      *Attorneys for Defendant, Kelly Services, Inc.*

Dated: <u>October 15, 2015</u>

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she caused the foregoing Response to Plaintiff's Motion for Reconsideration to be filed via this Court's ECF system and thereby served on all counsel of record and I hereby certify that I have mailed by U.S. Postal Service the document to the following non-ECF participant:

Gordon Roy Parker
4247 Locust Street #119
Philadelphia, Pennsylvania 19104

BY:   *s/Maria G. Perri*
Michael S. Takacs, Esquire
Maria G. Perri, Esquire
Two Commerce Square
2001 Market Street, Suite 3100
Philadelphia, Pennsylvania 19103
michael.takacs@wilsonelser.com
maria.perri@wilsonelser.com
Tel: 215-627-6900
Fax: 215-627-2665
*Attorneys for Defendant, Kelly Services, Inc.*